UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SHAUNA N.B.,

                                           **Plaintiff,**                                        6:22-CV-6048Sr

v.

**COMMISSIONER OF SOCIAL SECURITY,**

                                           **Defendant.**
_____

## DECISION AND ORDER

As set forth In the Standing Order of the Court regarding Social Security Cases subject to the May 21, 2018 Memorandum of Understanding, the parties have consented to the assignment of this case to the undersigned to conduct all proceedings, including the entry of final judgment, as set forth in 42 U.S.C. § 405(g). Dkt. #15.

## BACKGROUND

Plaintiff applied for supplemental security income ("SSI"), benefits with the Social Security Administration ("SSA"), on November 19, 2019, alleging disability beginning January 1, 2019, at the age of 20, due to schizophrenia and depression Dkt. #7, p.177.

On January 21, 2021, plaintiff appeared with counsel and testified, along with an impartial vocational expert ("VE"), Frank Fazzolari, at an administrative hearing

conducted telephonically before Administrative Law Judge ("ALJ"), Vincent Cascio. Dkt. #7, pp.37-55. Plaintiff testified that she was 22 years old with a tenth grade education. Dkt. #7, p.43. She lived with her two-year-old daughter. Dkt. #6, p.36. She does not have a driver's license. Dkt. #7, p.43. She has never worked. Dkt. #7, p.44. She sees her therapist every two weeks and her psychiatrist every month. Dkt. #7, p.44. She is prescribed Abilify and Seroquel. Dkt. #7, p.44. She is in a chemical dependency program and ceased marijuana use on November 4th. Dkt. #7, p.47.

Plaintiff explained that she is always sad and worried that something bad is going to happen. Dkt. #7, p.47. She experiences racing thoughts and gets overwhelmed very easily. Dkt. #7, p.48. Her case manager helps her manage things she has to do. Dkt. #7, p.48. She does not watch television or engage with social media because it makes her paranoid. Dkt. #7, p.49. She likes to journal, take baths and paint her nails. Dkt. #7, p.45. Plaintiff cares for her daughter as best she can but is "usually in bed most of the day." Dkt. #7, p.49. She reported her attention and concentration as "pretty poor." Dkt. #7, p.44. She testified that she gets along with people and has a couple of friends, but doesn't really go out much because of her anxiety. Dkt. #7, pp.44-45. She grocery shops and does a little cooking, but has a hard time cleaning due to her depression. Dkt. #7, p.46.

When asked to assume an individual with plaintiff's age, education and past work experience with no exertional limits who was limited to simple, routine and repetitive work-related tasks with only occasional contact with the public, coworkers and

supervisors, with only occasional decision-making and changes in the workplace, the VE testified that plaintiff could work as a packer, cleaner, or hand launderer, each of which is a medium exertion, unskilled position. Dkt. #7, pp.51-52. The VE further opined that if such individual was off task 15% of the work day and absent two or more times per month, that individual would be deemed unemployable. Dkt. #7, p.52. The VE clarified that the maximum amount of time off task permitted was 10% of a work day. Dkt. #7, p.52. In addition, the VE testified that even one or two absences per month on a consecutive monthly basis would not be tolerated. Dkt. #7, p.52.

The ALJ rendered a decision that plaintiff was not disabled on April 19, 2021. Dkt. #7, pp.23-32. The Appeals Council denied review on December 2, 2021. Dkt. #7, p.5. Plaintiff commenced this action seeking review of the Commissioner's final decision on January 31, 2022. Dkt. #1.

## DISCUSSION AND ANALYSIS

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 496, 501 (2d Cir. 2009). If the evidence is susceptible to more than one rational interpretation, the Commissioner's determination must be upheld. *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). "Where an administrative decision rests on

adequate findings sustained by evidence having rational probative force, the court should not substitute its judgment for that of the Commissioner." *Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998).

To be disabled under the Social Security Act ("Act"), a claimant must establish an inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 20 C.F.R. § 416.905(a). The Commissioner must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 416.920(a). At step one, the claimant must demonstrate that she is not engaging in substantial gainful activity. 20 C.F.R. § 416.920(b). At step two, the claimant must demonstrate that she has a severe impairment or combination of impairments that limits the claimant's ability to perform physical or mental work-related activities. 20 C.F.R. § 416.920(c). If the impairment meets or medically equals the criteria of a disabling impairment as set forth in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and satisfies the durational requirement, the claimant is entitled to disability benefits. 20 C.F.R. § 416.920(d). If the impairment does not meet the criteria of a disabling impairment, the Commissioner considers whether the claimant has sufficient Residual Functional Capacity ("RFC"), for the claimant to return to past relevant work. 20 C.F.R. § 416.920(e)-(f). If the claimant is unable to return to past relevant work, the burden of proof shifts to the Commissioner to demonstrate that she could perform other jobs which exist in significant numbers in the national economy, based on claimant's age, education and work experience. 20 C.F.R. § 416.920(g).

In the instant case, the ALJ made the following findings with regard to the five-step sequential evaluation: (1) plaintiff had not engaged in substantial gainful activity since the date of her application on November 1, 2019; (2) plaintiff's schizophrenia, major depressive disorder, and canabis use disorder constitute severe impairments; (3) plaintiff's impairments did not meet or equal any listed impairment; (4) plaintiff retained the RFC to perform work at all exertional levels and was limited to simple, routine, and repetitive work-related tasks with only occasional contact with the public, coworkers and supervisors and only occasional decision making and changes in the work place; and (5) plaintiff was capable of working as a packer, cleaner and hand launderer, which are medium exertion, unskilled positions, and was not, therefore, disabled within the meaning of the SSA. Dkt. #7, pp.25-31.

Pursuant to the *Revisions to Rules Regarding the Evaluation of Medical Evidence* ("*Revisions to Rules*"), 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68 (Jan. 18, 2017), applicable to claims filed on or after March 27, 2017, the Commissioner is no longer required to afford any specific evidentiary weight to medical opinions, but is obligated to consider all medical opinions and evaluate their persuasiveness based on the following five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors, with particular importance placed upon consistency and supportability. *Jacqueline L. v. Comm'r of Soc. Sec'y*, 515 F. Supp.3d 2, 7 (W.D.N.Y. 2021), *citing* 20 C.F.R. § 404.1520c(a) & (c). To allow a reviewing court to trace the path of an ALJ's reasoning, an ALJ is required to explain their consideration of the supportability and consistency factors by pointing to specific

evidence in the record to support the ALJ's findings regarding medical opinions. *Id.*, *citing* 20 C.F.R. § 404.1520c(b)(2) & (c)*.*

With respect to supportability, the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support the medical opinion, the more persuasive the medical findings will be. *Id.*, *citing* 20 C.F.R. § 404.1520c(c)(1)*.* Similarly, with respect to consistency, the more consistent a medical opinion is with the evidence from other medical and nonmedical sources, the more persuasive the medical opinions will be. *Id.*, *citing* 20 C.F.R. § 404.1520c(c)(2)*.* Supportability focuses on the fit between medical opinion offered by the source and the underlying evidence presented by the source to support that opinion, while consistency focuses on how well a medical source opinion is supported by the entire record. *Rosario v. Comm'r of Soc. Sec'y*, 20 Civ. 7749, 2022 WL 819810, at *8 (S.D.N.Y. Mar. 18, 2022). "Even though ALJs are no longer directed to afford controlling weight to treating source opinions – no matter how well supported and consistent with the record they may be – the regulations still recognize the 'foundational nature' of the observations of treating sources, and 'consistency with those observations is a factor in determining the value of any [treating source's] opinion.'" *Id., quoting Shawn H. v. Comm'r of Soc. Sec'y*, 2020 WL 3969879, at *6 (D. Vt. July 14, 2020) (alteration in original).

Mary Burdick. D.O., and Amber Mallet, LMSW, signed a Psychological Assessment for Determination of Employability completed on November 12, 2019,

indicating a diagnosis of schizoaffective disorder, depressive type, and inpatient hospitalizations in December of 2017, July of 2018, August of 2018, and May of 2019, as well as outpatient treatment with Strong Ties since November of 2018. Dkt. #7, pp.1684-1687. Plaintiff's most recent mental status examination reflected full range affect, cooperative demeanor, normal thought process and content, and fair impulse control. Dkt. #7, p.1686. Dr. Burdick and LMSW Mallet indicated that plaintiff would be unable to regularly attend to a routine and maintain a schedule; markedly limited in her ability to respond appropriately to coworker or supervisors, maintain attention and concentration for rote tasks, deal with normal work stress, and work in coordination with or proximity to others without being unduly distracted; and would be moderately limited in her ability to follow, understand and remember simple instructions and directions and perform simple tasks independently. Dkt. #7, p.1686.

   Plaintiff underwent a consultative psychiatric examination with Christine Ransom, Ph.D., on December 30, 2019. Dkt. #7, pp.393-396. Plaintiff reported that signs and symptoms of schizophrenia were currently in remission on medication, but she continued to experience signs and symptoms of depression and has not been able to find an antidepressant that works without exacerbating her schizophrenia. Dkt. #7, p.393. Upon examination, plaintiff was observed to have a neutral mood with a full range of affect. Dkt. #7, p.394. She was able to count backwards from 20, do simple calculations and serial sevens without error. Dkt. Dkt. #6, p.395. She could remember 3/3 objects immediately and after 5 minutes. Dkt. #7, p.395. Her insight and judgment was assessed as good. Dkt. #7, p.395. Dr. Ransom opined that the results of the evaluation appear to be consistent with a mild psychiatric condition that will mildly

interfere with her ability to function on a daily basis, specifying that plaintiff would

> show mild limitation understanding, remembering and applying simple and complex directions and instructions, using judgment and reasoning to make work related decision, interact adequately with supervisors, coworker and [the] public, sustain concentration to perform a task at a consistent pace, sustain an ordinary routine and regular attendance at work, regulate emotions, control behavior and maintain well being and be aware of normal hazards and take precautions. She is able to regulate emotions, control behavior and maintain well being. Areas of difficulty are secondary to major depressive disorder, currently mild.

Dkt. #7, p.395.

State agency decision maker D. Brown, Psy.D., completed a residual functional capacity assessment on March 30, 2020, indicating that plaintiff had mild limitations understanding, remembering or applying information and adapting or managing oneself; and moderate limitations interacting with others and with concentration, persistence and pace, which demonstrated the capacity to do unskilled work on a sustained basis. Dkt. #7, p.75.

Dr. Burdick and LMSW Mallet signed a subsequent Medical Source Opinion - Psychological, on July 6, 2020, indicating that plaintiff would be unable to meet competitive standards with respect to the following aptitudes needed to perform unskilled work: maintain regular attendance and be punctual within customary tolerances; work in coordination with or proximity to others without being unduly distracted; complete a normal workday and workweek without interruptions from psychologically based symptoms; accept instructions and respond appropriately to criticism from supervisors; and respond appropriately to changes in a routine work

setting. Dkt. #7, p.514. They also indicated that plaintiff would be seriously limited in her ability to remember work-like procedures; maintain attention for a two hour segment; sustain an ordinary routine without special supervision; make simple work-related decisions; ask simple questions or request assistance; get along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes; and deal with normal work stress. Dkt. #7, p.514. Dr. Burdick and LMSW Mallet opined that plaintiff had a marked limitation in her ability to understand, remember or apply information and to concentrate, persist or maintain pace; and a moderate limitation in her ability to interact with others and adapt or manage oneself. Dkt. #7, p.515.

    Dr. Burdick and LMSW Mallet signed another Medical Source Opinion on December 22, 2020 indicating improvement of plaintiff's ability to maintain regular attendance and be punctual within customary tolerances; accept instructions and respond appropriately to criticism from supervisors; and respond appropriately to changes in a routine work setting to seriously limited and a deterioration in her ability to get along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes to a level where she was unable to meet competitive standards, with all other limitations from the prior medical source opinion remaining constant. Dkt. #7, p.1682. Dr. Burdick and LMSW Mallet opined that plaintiff continued to experience a marked limitation in her ability to concentrate, persist or maintain pace and a moderate limitation in her ability to interact with others and adapt or manage oneself, with improvement in her ability to understand, remember or apply information to the level of a moderate limitation. Dkt. #7, p. 1683.

The ALJ determined that Dr. Burdick's opinions were not persuasive because they were "not supported by the treatment records, which show normal mental status examinations, controlled symptoms with therapy and medication and . . . no issues performing . . . activities of daily living." Dkt. #7, p.30. The ALJ found Dr. Ransom's opinion partially persuasive because it was consistent with her own examination of plaintiff and supports the conclusion that plaintiff's psychiatric impairment was not disabling, but "given her past history of multiple psychiatric hospitalizations, use of psychotropic medication and ongoing treatment," the ALJ determined that plaintiff "exhibits more severe degrees of . . . paragraph B criteria" and assessed moderate limitations for understanding, remembering or applying information; interacting with others; concentrating, persisting or maintaining pace; and adapting or managing oneself. Dkt. #7, pp.26 & 30. The ALJ found the state agency decision maker's opinion persuasive because such consultants are familiar with SSA regulations and the opinion was consistent with the weight of the medical record, but because Dr. Brown did not have an opportunity to examine plaintiff or listen to her testimony, the ALJ gave the plaintiff's "allegations the benefit of the doubt and found she demonstrates moderate limitations in all of the 'paragraph B' criteria." Dkt. #7, p.30. The ALJ's detailed review of plaintiff's medical records note normal mental status examinations and reports that plaintiff was compliant with medication and counseling with controlled symptoms, with one exception when plaintiff reported she lapsed with her medication and experienced increased anxiety, racing thoughts and paranoia. Dkt. #7, pp.28-29.

Plaintiff argues that the ALJ failed to sufficiently consider the impact of plaintiff's moderate limitations in the functional area of concentration, persistence, and pace upon her ability to perform even simple, routine, repetitive work. Dkt. #9-1, pp.16-18. Plaintiff further argues that the ALJ failed to properly evaluate the opinions of plaintiff's treating psychiatrist, Dr. Burdick; erred in relying upon non-examining state agency decision makers; and selectively cherry picked from the record while overlooking ongoing severe mental health symptoms and adjustments to plaintiff's medications. Dkt. #9-1, pp.18-25.

The Commissioner argues that the ALJ's RFC determination is supported by substantial evidence, including plaintiff's mental status examinations and mental health records, which indicated plaintiff was doing well with treatment. Dkt. #11-1, pp.6-9. The Commissioner argues that the ALJ properly weighed the opinion evidence and reasonably relied upon plaintiff's normal mental status examinations and reported improvement, as well as her activities of daily living in determining her RFC. Dkt. #11-1, pp.9-13 & 18-23. Furthermore, the Commissioner argues that the ALJ appropriately accounted for plaintiff's moderate limitations in concentration, persistence, or pace by limiting plaintiff to simple, routine, repetitive work-related tasks with only occasional decision making and changes in the workplace. Dkt. #11-1, pp.14-16.

Plaintiff replies that the ALJ failed to perform a more detailed assessment of the functional limitations resulting from her moderate limitation in her ability to maintain concentration, persistence, and pace. Dkt. #12, pp.1-4. Plaintiff argues that

limiting her to simple, routine, repetitive and low stress work was insufficient. Dkt. #12, pp.5-6. Plaintiff also argues that the ALJ failed to sufficiently explain his rejection of Dr. Burdick's opinion. Dkt. #12, pp.6-7.

While sympathetic to plaintiff's significant prior history of multiple psychiatric hospitalizations, the record of evidence for the time period relevant to this decision supports the ALJ's assessment of plaintiff's RFC and, more specifically, his assessment of the opinion evidence. As the ALJ explained in his decision, review of plaintiff's treatment records for the relevant time period does not support the level of functional limitations suggested by plaintiff's treating physicians. In any event, the ALJ's reliance upon the opinions of the state agency medical consultant and consultative examiner is permissible. *See Jose F. v. O'Malley*, 22-CV-325, 2024 WL 4210900, at *8 (W.D.N.Y. Sept. 17, 2024) (state agency medical consultant and consultative examiner are deemed to be highly qualified physicians who are experts in Social Security disability evaluations and an ALJ is entitled to rely upon their opinions, which can also serve as substantial evidence). Moreover, the ALJ's decision to impose more severe limitations than the state agency decision maker and consultative examiner found warranted, is not a basis for remand. *See Lesanti v. Comm'r of Soc. Sec.*, 436 F. Supp.3d 639, 649 (W.D.N.Y. 2020) (internal quotation omitted) ("remand is generally not warranted where the ALJ's RFC finding is more restrictive than the opinions set forth in the medical opinions of record."); *See also, Ramsey v. Comm'r of Soc. Sec.*, 830 Fed. App'x 37, 39 (2d Cir. 2020) (ALJ committed no error by deviating from consultative examiners' recommendations to decrease plaintiff's RFC based on other

evidence in the record). In sum, the ALJ's determination to limit plaintiff to simple, routine, repetitive work-related tasks with only occasional contact with the public, co-workers and supervisors and only occasional decision making or changes in the work place, is clearly explained and adequately accounts for plaintiff's mental status during the time period relevant to this application.

## CONCLUSION

Based on the foregoing, plaintiff's motion for judgment on the pleadings (Dkt. #9), is denied and the Commissioner's motion for judgment on the pleadings (Dkt. #11), is granted.

The Clerk of the Court is directed to close this case.

**SO ORDERED.**

**DATED:** Buffalo, New York
March 31, 2025

                                s/ H. Kenneth Schroeder, Jr.
                                **H. KENNETH SCHROEDER, JR.**
                                **United States Magistrate Judge**